

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2008

# USA v. John

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1356

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. John" (2008). *2008 Decisions.* Paper 1542.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1542

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1356
_____

UNITED STATES OF AMERICA

vs.

WALTER JOHN, JR.,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 04-cr-00039-1)
District Judge:  The Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

BEFORE: SMITH, NYGAARD, and ROTH, Circuit Judges

(Filed:  February 22, 2008)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of conviction and sentence.

Mr. John was a procurement specialist in St. Croix for the Virgin Islands Housing Authority. The evidence at trial showed that Mr. John accepted a large sum of money from a contractor engaged in an Authority renovation project. The money was a bribe for Mr. John's assistance in expediting payments to the contractor for the project. Mr. John was one of two people convicted of conspiracy to defraud, wire fraud, and program fraud.

Mr. John makes three arguments on appeal. He asserts that the Magistrate Court violated the Speedy Trial Act in two distinct ways. 18 U.S.C. §3162. Mr. John takes issue with the fact that the Magistrate Court amended earlier continuances to ensure that they complied with the Act. He also argues that one continuance was impermissibly open-ended regarding the scheduling of the trial. Finally, Mr. John contends that the evidence did not support the convictions. All of Mr. John's arguments are without merit.

The Magistrate Court characterized both of the orders at issue as consistent with the ends of justice. Although both orders include varying levels of detail to support the conclusion that the continuances comported with the interests of justice, the Magistrate Court's amendments provided specific detail on the complexity of both the case and the discovery process. Moreover, the Magistrate Court made the amendments before the

2

District Court considered the Motion to Dismiss. "[T]he [Speedy Trial] act requires express findings . . . .and at the very least implies that those findings must be put on the record *by the time the district court rules on the motion to dismiss*." (emphasis added). *Zedner v. U.S.,* 126 S.Ct. 1976, 1978 (2006); *U.S. v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992). Therefore, we conclude that the Magistrate Court's emendations were both timely and sufficient to comply with the Act.

We also conclude that a particular continuance identified by Mr. John was not impermissibly open-ended. The order in question continued proceedings "until the time of trial" without establishing a specific date. Evidence does not support the position that the Magistrate Court sought a prospective waiver of Mr. John's rights under the Act "for all time," as in *Zedner.* Moreover, Mr. John does not dispute that, at the time of the order, plea negotiations were ongoing. Once negotiations fell apart, trial was scheduled at the first available date. Therefore, the order at issue did not violate the Act.

Finally, we readily dispose of Mr. John's argument that there was insufficient evidence to support his convictions. The record provides ample supporting evidence.

For these reasons, we will affirm the judgment of conviction and sentence.